# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.

_____

No. 3D17-13
Lower Tribunal No. 11-5978

_____

**Dennis Gilman,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.


Dennis Gilman, in proper person.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.


Before LAGOA, EMAS and SCALES, JJ.

*ON CONFESSION OF ERROR*

SCALES, J.

Dennis Gilman appeals an order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. For the following reasons, based on the State's proper confession of error, we reverse and remand for a determination as to whether Gilman was still on probation in case number F87-38796 when he committed the offenses in the instant matter for which he was designated a habitual felony offender.

On March 28, 2012, in case number F11-5978, Gilman pled guilty to one count of attempted sexual battery on a child less than twelve by an adult and one count of armed kidnapping of a child under thirteen years of age with a sexual battery. Gilman committed the offenses on April 1, 1989. Pursuant to the parties' Probation Plea Agreement, in exchange for his plea, Gilman agreed to be sentenced to thirty years in prison with all credit for time served, followed by ten years of reporting probation. Gilman also agreed to be sentenced as a habitual felony offender pursuant to section 775.084 of the Florida Statutes.

The trial court accepted Gilman's plea and sentenced him pursuant to the Probation Plea Agreement. The trial court designated Gilman a habitual felony offender under section 775.084 by relying upon Gilman's prior felony convictions for burglary of a structure (case number F78-17842) and grand theft (case number F79-9766), and upon case number F87-38796, wherein Gilman entered a plea of nolo contendere to cocaine possession.[1]

On August 24, 2016, Gilman filed the instant rule 3.800(a) motion, claiming that he was improperly designated a habitual felony offender. Specifically, Gilman argued that case number F87-38796 could not be used as a predicate for habitualization under section 775.084 because: (i) he had been placed on probation

[1] Gilman was properly designated a habitual felony offender if, in case number F87-38796, either: (i) Gilman was convicted of cocaine possession; or (ii) Gilman was placed on probation without an adjudication of guilt for cocaine possession, and Gilman was still on probation in that case when, on April 1, 1989, he committed the offenses charged in case number F11-5978. This is because the applicable version of the habitual felony offender statute provides, in pertinent part:

> (1) As used in this act:
> (a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
> 1. The defendant has previously been convicted of two or more felonies in this state;
> 2. The felony for which the defendant is to be sentenced was committed within 5 years of the conviction of the last prior felony or other qualified offense of which he was convicted . . . . ;
> 3. The defendant has not received any pardon for any felony or other qualified offense that is necessary for the operation of this section; and
> 4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
>
> . . . .
>
> (2) For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.

§ 775.084(1)(a), (2), Fla. Stat. (1988).

with adjudication of guilt withheld in case number F87-38796; and (ii) he was no longer on probation in case number F87-38796 when, on April 1, 1989, he committed the offenses charged in case number F11-5978. The State responded to Gilman's motion, claiming that Gilman had been convicted of cocaine possession in case number F87-38976. Believing there was a discrepancy in the record as to whether Gilman had been convicted, or adjudication of guilt had been withheld, in case number F87-38796, and because a transcript of the sentencing hearing in case number F87-38796 had not been provided below, the trial court denied Gilman's motion without prejudice because Gilman had failed to demonstrate entitlement to relief on the face of the record.

On this appeal, the State now concedes that, in case number F87-38796, adjudication of guilt for cocaine possession was withheld and Gilman was placed on probation for one year. Therefore, the parties both agree that Gilman can be designated a habitual felony offender only if he was still on probation in case number F87-38796 when, on April 1, 1989, he committed the subsequent offenses in the instant case, case number F11-5978. See § 775.084(1)(a)2., (2), Fla. Stat. (1988).

It would appear, therefore, that on the record before us, Gilman has demonstrated an entitlement to relief. To this, however, the State argues that given

4

the reality that a defendant's probationary term sometimes commences on a date later than that noted in the sentencing order, particularly when special conditions are part of the probation, Gilman might still have been on probation in case number F87-38796 when he committed the subsequent offenses in case number F11-5978. Therefore, the State asks that this Court reverse and remand for further proceedings so the State may have the opportunity to establish this from the files and records of the trial court. Because of the close proximity of the dates at issue here, we agree.

Accordingly, we reverse the order denying Gilman's rule 3.800(a) motion and remand for the trial court to adjudicate Gilman's motion after determining the dates of Gilman's probation in case number F87-38796.[2]

Reversed and remanded for further proceedings consistent with this opinion.

---

[2] We affirm without further discussion the second claim raised by Gilman.